UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| LUIS OMAR ALVAREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:16-cv-00125-RLY-MPB |
| | ) | |
| LOCAL UNION 103, Its Business Agents, Officers and Managers, and IRON WORKERS DISTRICT COUNSEL OF ST. LOUIS AND VICINITY, Its Business Agents, Officers and Managers, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| AMERICAN ELECTRIC POWER, | ) | |
| | ) | |
| Interested Party. | ) | |

**ORDER ON MOTIONS TO DISMISS**

Plaintiff, Luis Omar Alvarez, filed his *pro se* Complaint against Defendants, [Iron Workers] Local Union 103 and Iron Workers District Council of St. Louis and Vicinity (the "District Council"), to redress alleged violations of federal labor laws. Two motions to dismiss based upon insufficient service of process are pending before the court. To escape dismissal, Alvarez bears the burden of proving proper service. *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011). Where there has been insufficient service of process, the court does not have personal jurisdiction over a defendant. *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). A defendant's actual

notice of litigation is insufficient to satisfy the requirements for service of process set forth in Federal Rule of Civil Procedure 4.  *Id.*

First, non-party Indiana Michigan Power Company ("IMPC"), incorrectly named as "AEP – Rockport" in the proposed Amended Complaint, requests that it be dismissed from this action.  To clarify, it is not named as a defendant in the original Complaint, just the proposed Amended Complaint.  The Magistrate Judge denied Alvarez' motion for leave to file an Amended Complaint on July 13, so it is unclear if IMPC needs any further relief.  However, to the extent that IMPC remains a party to this suit, it is hereby **DISMISSED**.  Therefore, IMPC's Motion to Dismiss (Filing No. 31) is **GRANTED**.

Second, the Local Union moves to dismiss Alvarez' Complaint in its entirety.  It concedes that it was served, but maintains that dismissal is nonetheless appropriate because Alvarez failed to perfect service on the District Council.  The court agrees that the District Council has not been properly served.  It appears that Alvarez attempted to serve the District Council via USPS certified mail, but the mailing went unclaimed and was ultimately returned to him.  Unfortunately, the Local Union fails to explain why insufficient service as to one defendant warrants dismissing the Complaint as to all defendants.  The Local Union hints that the District Council is an indispensable party to this suit, but it does not explain why.  Accordingly, the Local Union's Motion to Dismiss (Filing No. 22) is **DENIED WITHOUT PREJUDICE**.

Alvarez filed his Complaint in June 2016, and has still not perfected service on the District Council.  The Local Union highlighted this deficiency in October 2016 when it filed its motion to dismiss.  Alvarez has seemingly made no further attempts at service

though. He asserts that the District Council has refused to accept his mailings, but, of course, certified mail is not the only way to serve a party. Because Alvarez failed to provide the District Council with proper notice of this lawsuit for over a year, it must be **DISMISSED** as a party. The Clerk is directed to remove the District Council from the case caption.

The Local Union is granted leave to either renew its motion to dismiss, or to file a new motion now that the District Council has been dropped.

**SO ORDERED** this 17th day of July 2017.

                                              RICHARD L. YOUNG, JUDGE
                                              United States District Court
                                              Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Distributed via U.S. Mail:

Luis Omar Alvarez
128 Jefferson Ave
Evansville, IN 47713